UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE EDEN,

       Plaintiff,

                                        Case No. 2:22-cv-11515

   v.                               Hon. George Caram Steeh

NICOLE KEINATH, ET AL,

       Defendants.

_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

      This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Jesse Eden is incarcerated at the Sanilac County Jail in Sandusky, Michigan. Plaintiff sues seven individually named members of the Sanilac County Sheriff's Department, including one that he identifies as Deputy John Doe. The Court will partially summarily dismiss the complaint because it fails to state a claim against all of the named Defendants except for John Doe.

**I. Standard of Review**

      The case is before the Court for screening under the PLRA. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the PLRA, the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to

state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To establish a prima facie case under § 1983, "a plaintiff must allege that []he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir. 2010) (emphasis omitted). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, [the claim] must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## II. Complaint

Plaintiff states he is an inmate at the Sanilac County Jail. He does not reveal whether he is a pretrial detainee or whether he is serving a sentence. In any event, Plaintiff claims that on February 16 or 17, 2022, he was placed on suicide watch and taken to a "change out" room. There, he claims that Defendant Deputy Jon Doe sexually assaulted him. (ECF No. 1, PageID.5-7.)

On March 11, 2022, Plaintiff asked Defendant Lt. Keinath to be rehoused, but she told him, "you classify to remain where you are at." (*Id.*)

On March 19, 2022, he asked to file a police report with the Michigan State Police, and Defendant Sgt. Darling replied, "concerning what?" Plaintiff

doesn't say that he told Darling what happened but told him the report needed to be made "out of house." (*Id.*)

On March 20, 2022, Plaintiff asked for information regarding all the times he had been placed on suicide watch and which deputies were with him during the "change out." He was told he was placed on suicide watch on November 20, 2022, and December 26, 2011, in addition to the most recent occurrence. (*Id.*)

On March 22, 2022, Plaintiff states he submitted a PREA incident form and asked to be placed in a unit with cameras and where other people could see him. (*Id.*)

On March 24, 2022, Plaintiff asserts he informed Defendant Keinath about the sexual assault, but she stated that she did not believe him. (*Id.*)

On March 26, 2022, Plaintiff was transferred to administrative segregation "for vague and suspicious reasons." This moved him away from cameras, and later that day "water was splashed around" his cell, and the following day, his toilet overflowed. (*Id.*)

On March 27, 2022, Plaintiff states that Deputy C. Abrego, not named as a Defendant, came into his cell and assaulted him. That same day other deputies found him laying on the floor of his cell, and a visit he had planned for that day was cancelled. (*Id.*)

The complaint makes no factual allegations at all with respect to Defendants Sgt. Tank, Sgt. Kensley, Sheriff Rich, or Undersheriff Torp.

Plaintiff seeks to be transferred to another jail or unit, as well as compensatory and punitive damages.

### III. Discussion

The terse complaint merely describes events alleged to have occurred to Plaintiff at the Sanilac Jail in February and March of 2022. It does not explicitly match any specific legal claims to the factual allegations. The top of the complaint, however, tersely states, "Eighth Amendment violation – cruel and unusual punishment inflicted." (ECF No. 1, PageID.1.) The Court therefore interprets the complaint to assert that all the named Defendants violated Plaintiff's Eighth Amendment rights due to the alleged events occurring to him at the Sanilac jail in March 2022.

The Eighth Amendment bans any punishment that involves the unnecessary and wanton infliction of pain. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). This includes a right to be protected from assault. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Richko v. Wayne Cnty.*, 819 F.3d 907, 915 (6th Cir. 2016). It is well established that "[w]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and

general wellbeing." *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation omitted). "The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones ....'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal citation omitted).

There are two elements for an Eighth Amendment violation. *Farmer*, 511 U.S. at 834. First, the prisoner must demonstrate that the deprivation alleged is "objectively, 'sufficiently serious.'" *Ibid*. (quoting *Wilson*, 501 U.S. at 298). "For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Ibid*. Second, the prisoner must demonstrate that a prison official had a "sufficiently culpable state of mind." *Ibid*. (citing *Wilson*, 501 U.S. at 297). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Ibid*. This element requires the state actor to perceive the risk and then disregarded the risk, or "from the very fact that the risk was obvious." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Even affording the terse pro se complaint the maximum liberal interpretation, Plaintiff states an Eighth Amendment claim against only the John Doe defendant. He alleges that on February 16 or 17, 2022, Defendant Deputy John Doe sexually assaulted him in the "change out room" when he

was placed on suicide watch. This clearly states an Eighth Amendment claim against the alleged perpetrator of the sexual assault.

As for the remaining Defendants, however, the complaint fails to state a claim. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints.

Plaintiff asserts that on March 11, 2022, Defendant Keinath did not reassign him to a different unit because he was correctly classified. And he asserts that later in March Keinath stated that she did not believe his allegation of being sexually assaulted. But Plaintiff does not allege that he told Keinath on March 11 about the threat to his safety in his current unit, nor does he allege that Keinath failed to take action later in March after he told her about the alleged sexual assault. He simply asserts that she told him that she did not believe his allegation. Even affording the complaint a liberal construction, the terse and vague allegations regarding Defendant Keinath

- 7 -

do not state facts showing that she was deliberately indifferent to a condition posing a substantial risk of serious harm to Plaintiff.

Plaintiff also asserts that he told Defendant Darling that he wanted to file a police report with the MSP, and Darling responded by asking him what the report was about. Plaintiff only told Darling he had to take his complaint "out of house." Plaintiff fails to assert that Darling was made aware of any specific unconstitutional prison condition and failed to act. He fails to state a claim against Darling.

Finally, with respect to the other named Defendants, Sgt. Tank, Sgt. Kensley, Sheriff Rich, and Undersheriff Torp, Plaintiff fails to make any factual allegations at all with respect to them – their names simply appear in the list of Defendants.

Accordingly, the complaint will be summarily dismissed with respect to all Defendants except for Defendant Deputy John Doe.

Nevertheless, it is Plaintiff's responsibility to identify and provide an address for the John Doe defendant so that the Court may order service. *See Dubard v. Buckberry*, No. 10-12740, 2010 WL 3168635, at *3 n. 2 (E.D. Mich. Aug. 10, 2010). "In general, the use of unnamed defendants is not favored in the federal courts." *Haddad v. Fromson*, 154 F. Supp. 2d 1085, 1093 (W.D. Mich. 2001). Dismissal of Doe defendants is proper where a

plaintiff fails to identify and serve any Doe defendants within the time limit provided for in Rule 4(m). *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 345 (6th Cir. 2007). After Plaintiff has timely and properly identified the John Doe defendant, the Court may order the United States Marshal or a deputy marshal to direct service of the complaint on him. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

## IV. Conclusion

Accordingly, under § 1915(e)(2), the Court will **DISMISS** Defendants Keinath, Tank, Darling, Kensley, Rich, and Torp. The case will proceed with respect to Defendant Doe.

Plaintiff is directed to provide sufficient identifying information for the remaining Defendant in order to allow service of complaint. Until such time as identifying information is provided by Plaintiff, this case may not proceed.

**SO ORDERED**.

Dated:  July 18, 2022          s/George Caram Steeh
                              HON. GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 18, 2022, by electronic and/or ordinary mail and also on Jesse Eden #109112, Sanilac County Jail, 65 N. Elk, Sandusky, MI 48471.

s/Brianna Sauve
Deputy Clerk

---

- 9 -