UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE EDEN,

        Plaintiff,

                              Case No. 22-11515

v.

                              Hon. George Caram Steeh

NICOLE KEINATH, *et al.*,        Hon. David R. Grand

        Defendants.

_____/

ORDER ADOPTING REPORT AND RECOMMENDATON
(ECF NO. 43) AND GRANTING IN PART AND DENYING IN PART
<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 35)</u>

        On April 15, 2024, Magistrate Judge David R. Grand issued a report and recommendation proposing that the court grant in part and deny in part Defendants' motion for summary judgment. Both sides have filed objections.

        With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

Plaintiff Jesse Eden's claims arise from his period of pretrial detention at the Sanilac County Jail. Plaintiff alleges that he was sexually assaulted by a "John Doe" jail deputy and then was retaliated against for attempting to report the assault. He also alleges that Defendant Cody Abrego punched him in the eye. Magistrate Judge Grand recommends that the court dismiss Plaintiff's sexual assault and retaliation claims, while allowing the physical assault claim against Defendant Abrego to proceed to trial.

With respect to the sexual assault claim, the magistrate judge concluded that "even if Eden could identify and name this John Doe defendant, which he so far has failed to do, the evidence is that the purported 'sexual assault' was nothing more than touching that occurred during the course of a normal strip search." ECF No. 43 at PageID 618-20. Plaintiff objects, claiming that he can now identify the perpetrator as Deputy Willing and that the deputy touched his "butthole" and "moaned." ECF No. 45. In his deposition, however, Plaintiff agreed that there was no penetration and that he had no evidence that "this had anything to do with sex." ECF No. 35-2 at PageID 234-35. He also was unwilling to identify Deputy Willing, testifying that he was "not sure" who assaulted him. *Id.* at 232.

Plaintiff may not embellish his claim by raising additional facts that were not before the magistrate judge and/or were not provided in his deposition testimony. *See, e.g., Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."); *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986) ("A party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony."). Based upon the facts before the magistrate judge, Plaintiff has not demonstrated that the magistrate judge erred in concluding that "the purported 'sexual assault' was nothing more than touching that occurred during the course of a normal strip search" and does not give rise to a constitutional violation. Plaintiff's objections are overruled.

Defendants object to the magistrate judge's determination that a reasonable jury could find in favor of Plaintiff on his physical assault claim under the Fourteenth Amendment. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397, 400-401 (2015) ("[T]he Due Process Clause protects a pretrial

detainee from the use of excessive force that amounts to punishment."). Defendants maintain that, given Plaintiff's contradictory testimony, this is one of "rare circumstances" in which a reasonable jury could not credit his claims. See *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2nd Cir. 2005). Although Plaintiff has provided contradictory testimony regarding the circumstances surrounding Defendant Abrego's alleged assault, he has consistently testified that he was punched. The court agrees with the magistrate judge's conclusion that, although Plaintiff's testimony raises serious credibility issues, such issues are for the jury to resolve. ECF No. 43 at PageID 620-23.

IT IS HEREBY ORDERED that the parties' objections are OVERRULED, Magistrate Judge Grand's report and recommendation (ECF No. 43) is ADOPTED as the order of the court, and Defendants' motion for summary judgment (ECF No. 35) is GRANTED IN PART and DENIED IN PART, consistent with Magistrate Judge Grand's report and recommendation.

Dated: June 4, 2024

            s/George Caram Steeh
            HON. GEORGE CARAM STEEH
            UNITED STATES DISTRICT JUDGE

- 5 -

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 4, 2024, by electronic and/or ordinary mail and also on Jesse Eden #358966, Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846.

s/LaShawn Saulsberry
Deputy Clerk